Good morning and welcome to the Ninth Circuit. We are ready to begin our docket for the day. A couple of words of caution. I think that our court clerk has mentioned this but I want to reiterate. We've been having some difficulties this week with being able to hear people clearly. So when you're at the podium please make sure that you adjust it if needed and make sure that the microphones are close to your where you're speaking. And then for those who are joining us by video please make sure that whatever you can do on your end to make sure that your volume is as high as you can make it. Please do that because we are we're having a little bit of difficulty in this courtroom hearing. All right before we start there are two cases this morning that we have Kijikazi and Price v. Kijikazi. We have four cases for oral argument this morning and the first of those is Ruiz-Reyes v. Garland case number 21-70612. And before we get started I failed to mention Judge Hawkins and I would like to publicly thank Judge Rustani for joining us today and for volunteering to help us with our caseload. We really appreciate it and enjoy working with her. All right so for counsel for the Ruiz-Reyes case we're ready to begin. Mr. Smith. Good morning. You get a plus point for finding where that button is so you're off to a good start. Thank you. Philip Smith on behalf of the petitioner Santiago Ruiz-Reyes. Your Honors I would like to reserve two minutes of my time for rebuttal if I may. May it please the court. This is an immigration case. The petitioner is an indigenous Purupeche from Michoacan Mexico. He's the married father of three United States citizen children. Their ages at the time of the hearing were 16, 10, and 5. In removal proceedings petitioner applied for cancellation of removal for a non-permanent resident as well as for asylum. For cancellation of removal for a non-permanent resident before the Attorney General is able to make a discretionary determination concerning cancellation of removal. There's four statutory eligibility requirements that the petitioner is required to demonstrate. One, the person has been in the United States for 10 years. Two, they're a person of good moral character. Three, they've not been convicted of certain disqualifying crimes. And four, that they demonstrate it would be an exceptional and extremely unusual hardship to their in this state citizen children if they were removed from the United States. So counsel, one of the things we asked you to be prepared to address today is jurisdiction and whether we can review cancellation. We have previously said that this is a discretionary decision and we do not have jurisdiction to review it. How do we, how can we address the issue that you want us to address there? Well, I think that's correct, Your Honor, and that is sort of the threshold issue. The court in Romero-Torres in 2003 had decided that this exceptional and extremely unusual hardship applying that standard to the facts was a discretionary determination in which the court didn't have jurisdiction to review. The statute preserves judicial review for constitutional claims and questions of law. The Supreme Court in Guerrero-Las Bria in 2020 looked at this particular judicial review section and held that questions of law includes the application of a legal standard to establish facts. And the exceptional and extremely unusual hardship question is exactly that. It's applying the exceptional and extremely unusual standard to the facts of this case. And so under Guerrero-Las Bria, the court has jurisdiction to review the issues presented. You know, the, that Supreme Court case dealt with due diligence and this is a slightly different question. And I had in my mind, what is actually the legal issue that we're looking at with respect to, in applying law to the facts? I mean, there are some pure legal issues that I think you raised, some procedural ones. But beyond that, how would one in an ordinary case say, what's the kind of thing that raises applying law to these facts that isn't just reweighing the factors? What is it? Well, I think that's one of the things that the Supreme Court was concerned about, is that if the question of law was looked at too narrowly, then the board or the agency could, as long as they announced the correct legal standard, they could apply that to the facts really in any way they chose. And the Supreme Court was concerned about that. Here, for example, the, there is the standard, exceptional and extremely unusual hardship, applying that standard to the facts of the case. A factor in this case that has not yet been looked at, the board has explained, the board came out with three precedent decisions concerning exceptional and extremely unusual hardship. The factors to be considered, the legal framework to be applied. None of those cases, and those are the three, it was an en banc by the board, they flushed out the standard. None of those cases address the separation of a parent from a United States citizen child. They do not address it at all. And so immigration judges who have to grapple and struggle with applying this standard, they have no guidance from the board. Now previously, the court, in the extreme hardship, so the prior statute, the court had explained in salsito salsito, this court, that separate parent-child separation may be the single most important factor of all to be considered. And yet the board, as they've articulated it, they've given no guidance to the immigration judges on how to apply this standard. So we would say that, I mean, that's why, not just that you have jurisdiction to review the question, but why it is so important that you do review the question. Because your review is giving guidance. It is giving authoritative guidance to the board and immigration judges what the law is and how to properly apply it in a given situation. And here we're talking about hardship to U.S. citizen children. It's not about the non-citizen. If they establish the hardship, then the attorney general makes a discretionary determination. But until we get to that point, it's applying the standard to the facts of the case. And you would say, in this case, the standard, there's no, I don't understand what you're saying. You're saying the standard was improperly applied, or there is no standard, and then, so I'm not exactly sure how you're saying there's an error here in applying the standard to the facts. We're saying the standard was not properly applied because the board and the court have said all factors, all the circumstances around the U.S. citizen children have to be considered. And if they're not considered, then the judge is not following the legal standard that they're required to follow. I would call that a pure error of law, not a mixed law and fact, because what you're saying is they didn't do the procedure. They didn't consider this, this, and that. Isn't that just a pure issue of law? I mean, I think we, our position would be that the court has, that it is a question of law, that the court has jurisdiction to review, even without Guerrero-Lasprilla. However, with the Supreme Court's decision, it is doubly clear that applying a legal standard to established facts is a question of law, that the court has jurisdiction to review. And in a sentence, tell us how you would want the panel to write this in a way that's beneficial to your client. Give us the sentence. The court has jurisdiction to review the exceptional and extremely unusual hardship determination made by the immigration judge and the board. How can we do that in the face of Martinez-Rosas? Post-Guerrero-Lasprilla. Just three of us up here. I'm sorry. Post-Guerrero-Lasprilla, the Supreme Court case, the court is required to review and consider, when you have a legal standard and it's applied to established facts, that's a mixed question that you have jurisdiction to review. I'm sorry. You want us to say that the Supreme Court has effectively overruled Martinez-Rosas? Yes, Your Honor. Yes. And it's been on the books for a while. It has been, and it was pre, I mean, it was, that's correct. It has been on the books. But the Supreme Court case has not been on the books. And the Supreme Court case is what has, in our position, has made this very clear and has also explained how, again, interpreting a question of law too narrowly begins to get into issues of habeas corpus and suspension clause, because that judicial review section, the Congress wanted any questions to come before the Court of Appeals in a petition for review, and they were attempting, at least what the Supreme Court said, is to have an adequate substitute for habeas corpus. And so it's important that the court exercise its review over this case. I'm out of time, but I did kind of want to reserve it. We'll give you a minute for rebuttal. Thank you, Your Honor. May it please the Court. Jenny Lee on behalf of the Respondent, the Attorney General of the United States. Grillo-Lasparilla does not change 20 years of this court's jurisprudence on judicial review of the discretionary cancellation of removal decisions for three reasons. First, Grillo-Lasparilla dealt with 1252A2D to conclude that the statutory term, questions of law, can reasonably encompass application of law to undisputed facts. Grillo-Lasparilla was silent on whether 1252A2D permits review of an agency's exercise of discretion. Second, the principle announced in Grillo-Lasparilla has long coexisted with this court's jurisprudence, including this court's holding that the hardship determination is a subjective discretionary determination that it lasts jurisdiction to review. Third, this court must follow circuit court precedent except where the reasoning or theory of the court's prior circuit authority is clearly irreconcilable with the reasoning or theory of the intervening higher court. And that's the Miller test. Let me ask you a question. All right. The law of the circuit has been that mixed questions of law and facts, such as application of law to settled facts, is a legal question. So theoretically, if you look at it that way, there's no difference. Of course, there's no case that said that in cancellation of removal. But generally, that's the law. So how does that ‑‑ if that's the case, then I suppose there's how do you square the cases about cancellation with that principle? Because you say coming from the point of view that you're expressing that the Supreme Court didn't change anything. So you have to kind of square those two things. There's no jurisdiction to review this except where there's pure questions of law, but the ninth circuit has law that says applying law to settled facts is a question of law. That is correct, Your Honor. So in Ramadan, this court held that it has jurisdiction to review the change circumstance determination for the one‑year asylum holding. And after Ramadan, this court has specifically addressed the discretionary question and found that it was not a mixed ‑‑ that it was a discretionary determination that it lacked jurisdiction to review. So even ‑‑ I mean, this court's jurisprudence has grown from the fact like for, I guess, Ramadan was decided in 2007. So for over 15 years, this court has consistently held, yes, we can review a mixed question, but the exception to the usual hardship determination is discretionary and so we lack jurisdiction to review it. So it's not ‑‑ so Verilla v. Verilla changes nothing for this court's jurisprudence. Well, we know the ultimate question is a discretionary question, right? The ultimate question. But the question is, what are the four factors? Some of them don't look very discretionary. And so the fourth factor looked pretty ‑‑ it looked as if it was weighing facts and a discretionary decision about the fourth factor. Where do you think we are now? So with regard to the fourth factor, the exceptional, extremely unusual hardship factor, the court has to decide is it discretionary, does it fall in that bucket, or is it not discretionary? If you look at this one, I guess, one element, you have to ‑‑ the adjudicator has to list all the hardship factors, age of the applicant, marital financial status, age, number of qualifying relatives, educational medical needs of the qualifying relatives, community support, et cetera. It's a long laundry list. And then the adjudicator has to weigh that against whether it meets the exceptional and extremely unusual hardship level. So as this court stated in Romanes Torres, it is a value judgment of the person who is examining the issue. And Mendez Castro says that it's subjective. The court is required to weigh the evidence. And the Tenth Circuit in Galeno Romero stated that there's no algorithm on determining when a hardship is met, when the standard is met. So if you look at the factors, the adjectives that are used before hardship, that is what makes it discretionary. And that is what this court has consistently held for over 20 years. Going back to my point as to why Guerrero-Lesco does not change this course for students, I did a Westlaw search and I found that there have been over 30 cases that were unpublished after Guerrero-Lesco was decided in which this court and over 30 judges in this court found that Guerrero-Lesco did not change anything, that the court still lacked jurisdiction over the discretionary question. And eight of those reported unpublished cases specifically mentioned Guerrero-Lesco in this decision to find that it does not change their jurisprudence. If the court was to find that Guerrero-Lesco was clearly irreconcilable and that the exception of the unusual hardship determination is, it's not a discretionary determination. It's not discretion anymore. And that it can be reviewable. The court next has to determine what's the standard of review that's going to be applied to these cases. The Supreme Court in U.S. Bank v. Lakeside, 183 Supreme Court 960, tells us that not all these questions are the same. Some are more factual, some are more legal. And if this court is to follow the Fourth and Fifth Circuit and apply a de novo standard, that means that the appellate courts would have to re-weigh hundreds of cases with those factors that I mentioned earlier. So there's a circuit split on whether this analysis is discretionary or not. And my understanding is that the Supreme Court has taken up one of those cases. Should we wait on the outcome of that case that the Supreme Court is looking at before we proceed? That is correct, Your Honor. The Supreme Court has heard argument in the case called Patel, which is from the 11th Circuit, that deals with 1252A2B. And in that case, the questions are a little bit different, but it is possible that the Supreme Court will give guidance to the lower courts as to what discretionary means and what discretionary or not discretionary means. So the Court is perfectly welcome to hold it for the Supreme Court's decision. And like I said, it was argued in December of 2021, so it should be coming out very soon. Let me ask you about the Supreme Court case. That dealt with what was due diligence for a withholding. Can you explain to me in practical terms how one applies law to the settled facts when you do that? Then maybe I can figure out how you do it in cancellation. I was having a hard time when I was reading that, figuring out how one does that. I myself had difficulty reading Patel and understanding what it meant exactly. But it dealt with a motion to open, I believe. Sorry, not motion. Adjustment of status is what I believe the application was in that case. And in that case, the 11th Circuit just basically lumped discretionary and non-discretionary elements as all something that I could not review. So it's hard to extrapolate from that case how the exceptional, unusual, and hardship will shake out. Actually, it wasn't my question. My question was, how do you do it in that case? And then maybe I could figure out how to do it in cancellation. How do you apply, when you're looking at what is due diligence, how do you apply, what does a judge do when they're looking at applying law to settled facts? In other words, what did the Supreme Court want them to do when it got back to the lower courts? So the Supreme Court really didn't give guidance as to why due diligence was a mixed question. But some of the factors, I guess, that the Supreme Court discussed is that in Grillo-Lasgrilla, one of the other eight months. So I guess with due diligence, it's a lot, I guess, easier in the sense that, you know, you look at how long it took the petitioner to file the motion to reopen, what they had been doing in the meantime. So I think those are some guideposts. But again, there really aren't, there's not much to go on. Finally, as the court indicated earlier, as several of the judges indicated before, here, this court doesn't have to grapple with whether Grillo-Lasgrilla makes, you know, changes this court's jurisprudence because if the court finds that petitioner raised legal questions, then under 1252 A.T.D., the court is, you know, completely, has jurisdiction to review that question. If the court has no further questions, government rests on the briefs that are submitted. Thank you, Your Honors, for this opportunity. Thank you. All right, Mr. Smith, we'll put a minute on the clock. Just briefly, Your Honor, and I don't know that this answers, I'm going to try to answer. When a court is applying a legal standard to an established set of facts, there is always, there's always judgment involved. There's always a certain degree of subjectivity involved. And so to call it discretionary or nondiscretionary doesn't really address, the Supreme Court says, you have jurisdiction to review that. And then it becomes a standard of review question over, well, is it reviewed for an abuse of discretion? Is it for substantial evidence? Is it de novo? Our position would be that's a separate question than do you have jurisdiction? We think the Supreme Court is saying when you have this mixed question, then you have jurisdiction to review it. And it's hard. If you call this an issue of law, then it's de novo review, right? Isn't that the norm? Well, we would agree, yes. But then it sounds like a big circle. You're weighing the facts. Well, the Supreme Court, in Guerrero-Lasprilla itself, it said, you know, some questions are more factual in nature and some are more purely legal in nature. And then it said, but we're not deciding standard of view. I mean, that's what they said. Thank you, Your Honors. Thank you.
judges: HAWKINS, FORREST, Restani